FILED
U.S. DISTRICT COURT

2014 JAN -6  P 2: 55

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JORY LEE JUDD,<br><br>Defendant. | ORDER OF FORFEITURE<br><br>Case 2:13CR 00541 TC<br><br>Judge Tena Campbell |

IT IS HEREBY ORDERED that:

1. As a result of a plea of guilty to Production of Child Pornography (Count I) of the Indictment for which the government sought forfeiture pursuant to 18 U.S.C. § 2253(a)(3), the defendant Jory Lee Judd, shall forfeit to the United States all property, real or personal, that is derived from, used, or intended to be used in violation of 18 U.S.C. § 2251(a), including but not limited to:

- Western Digital hard drive, serial number: WCASU1730953
- Western Digital hard drive, serial number: WCASJ743184
- Western Digital hard drive, serial number: WCAWZ1149669
- Seagate hard drive, serial number: 2GETBPCM
- HP Computer, serial number: NVXX70804WF
- HP Monitor, serial number: CNT703Z6MG
- HP Keyboard, serial number: BF64834560

- Apple iPhone, serial number: unknown
- Olympus Stylus Digital Camera, serial number: U26A09385
- Sony Microvault Thumb Drive
- 3 Thumb Drives
- 6 Memory Cards
- HP Monitor Screen and Keyboard

2. The Court has determined that based on being found guilty of Production of Child Pornography, the above-identified property is subject to forfeiture, that the defendant had an interest in the property, and that the government has established the requisite nexus between such property and such offense;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

3. Pursuant to 18 U.S.C. § 2253(a)(3), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the above identified-property is hereby forfeited to the United States.

4. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the properties and conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture.

5. Upon entry of this Order the Attorney General or its designee is authorized to commence any applicable proceeding to comply with statutes governing third party interests, including giving notice of this Order.

6. The United States shall publish notice of this Order on the Government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

7. Any person, other than the above named defendant, asserting a legal interest in

the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and amendment of the order of forfeiture pursuant to 21 U.S.C. § 853.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853 which is incorporated by 18 U.S.C. § 982(b), for the filing of third party petitions.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

(Judd)

Dated this **6** day of **Jan**, 201**4**

BY THE COURT:

*/s/ Tena Campbell*
TENA CAMPBELL
United States District Court Judge